JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV GOEL M.D., INC.,<br><br>          Plaintiff,<br>    v.<br>UNITED HEALTHCARE SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:23-CV-10065-SPG-E<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 11]** |

Before the Court is Plaintiff Dr. Sanjiv Goel M.D., Inc.'s ("Plaintiff") Motion to Remand to the Superior Court of California for the County of Ventura. (ECF No. 11 ("Mot.")). Defendant United Healthcare Services, Inc. ("Defendant") opposes. (ECF No. 14 ("Opp.")). The Court has read and considered the matters raised with respect to the Motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 29, 2023, Plaintiff filed the operative complaint against Defendant in the Superior Court of California for the County of Ventura, alleging claims of breach of implied-in-law contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, quantum meruit, estoppel, Unfair Business Practices in violation of California's Unfair Competition Law ("UCL"), and declaratory relief. (ECF No. 1-1). Defendant timely removed the case to this Court on November 29, 2023. (ECF No. 1).

On December 29, 2023, Plaintiff moved to remand, asserting that title 28 U.S.C. section 1332's amount in controversy requirement was not met and that Defendant's removal under federal question jurisdiction is inappropriate because the complaint does not implicate federal issues.

## II. LEGAL STANDARD

There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal," i.e., whether federal question or diversity jurisdiction exists. 28 U.S.C. § 1446(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

Defendant argues that federal subject matter jurisdiction exists because (1) diversity jurisdiction is satisfied, (2) Plaintiff's implied-in-law claim arises under federal law – namely, the Federal Emergency Medical Treatment and Active Labor Act ("EMTALA") – and (3) Plaintiff's state law causes of action are completely preempted by ERISA. Plaintiff contests each of these arguments.

### A. Diversity Jurisdiction

Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

Plaintiff in this suit is a citizen of California. (Compl. ¶ 5). Plaintiff represents that Defendant is a California Corporation, however, Defendant declares that Defendant is a citizen of Minnesota. (ECF No. 1-4 ("Stalinski Decl.") ¶ 6). Plaintiff does not contest Defendant's declaration. The Court therefore concludes that Defendant has met its burden to show, by a preponderance of the evidence, that complete diversity exists between the parties.

As to the amount in controversy, Plaintiff's complaint alleges the "aggregate amount of the underpayments amounts to no less than $99,215.46, increasing by the day, plus applicable interest at 15 percent per annum, and any applicable penalties and fees." (Compl. ¶ 3). While Plaintiff concedes that its total damages exceed $75,000, Plaintiff "stipulates to limit its total amount in controversy to less than $75,000." (Compl. ¶ 3). Defendant argues that it has met its burden for removal because Plaintiff did not actually agree to limit its damages to $75,000 or less, that the Complaint admits a larger amount of damages, and that Plaintiff's claim that it will limit the amount-in-controversy was not made in good faith. (Opp. at 18-22).

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). Under federal law, there is nothing improper about a plaintiff "resort[ing] to the expedient of suing for less than the jurisdictional amount" to avoid removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*,

303 U.S. 283, 294 (1938). But to do so properly, the plaintiff must submit a "legally binding" stipulation that it will seek only an amount below the jurisdictional minimum (inclusive of attorney's fees and the cost of any requested declaratory and injunctive relief). *See Patel v. Nike Retail Svcs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013) (internal citation omitted)).

Since Plaintiff has stated in its Complaint that it will not seek more than $75,000, and repeated that assertion in its Motion, the Court construes that assertion as a "legally binding" equivalent to such a stipulation. *See* (Compl. ¶ 3; Mot. at 5); *see also*, *Sanjiv Goel M.D., Inc. v. United HealthCare Services, Inc.*, 2023 WL 2541113 at *2 (C.D. Cal. March 16, 2023) (holding that repeated assertions that limit requested damages in a complaint and motion for remand can be construed as equivalent to legally binding stipulations). Any attempt to renege on that assertion would subject Plaintiff to judicial estoppel, an equitable doctrine that precludes a party from gaining an advantage by asserting one position and then later taking a clearly inconsistent position. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Here, this Court accepts Plaintiff's representation that it will not seek damages that put the amount-in-controversy over $75,000 and relies on that position in reaching its conclusion. *Id.* at 783 ("This court has restricted the application of judicial estoppel to cases where the court relied on, or "accepted," the party's previous inconsistent position.").[1]

---

[1] Defendant references a prior case involving Plaintiff where its motion to remand was rejected. *See Sanjiv Goel M.D., Inc. v. Aetna Health of California, Inc.*, 2021 WL 2139416 (C.D. Cal. May 26, 2021). Unlike that previous case, Plaintiff's complaint is clear on its face that Plaintiff does not plan to seek any more than $75,000. In the previous case, the Court determined that remand was not appropriate because Plaintiff attempted to stipulate damages *after* removal. Since "[j]urisdiction is to be determined as it exists at the time it was invoked," a party cannot attempt to divest a court of jurisdiction post-removal with a binding stipulation. *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989). The instant case is, thus, distinct because Plaintiff stipulated to limited damages at the outset of the case.

Thus, Defendant has not met its burden to show, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000. The Court therefore does not have federal diversity jurisdiction over this Action.

**B.     Federal Question Jurisdiction**

For the Court to have federal question jurisdiction, the claim must arise under federal law. 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-10 (1983)). However, there is an exception to the well-pleaded complaint rule for federal statutes that completely preempt a plaintiff's state law claim. *Id.* (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

1.     <u>Federal Question Jurisdiction under EMTALA</u>

State-law claims may "arise under" federal law if they "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In particular, "federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

In Defendant's Notice of Removal and Opposition to Motion for Remand, Defendant states that Plaintiff's first (breach of implied-in-law contract) and third (breach of implied covenant of good faith and fair dealing) causes of action cite to federal law and thus raise federal issues.[2] *See* (ECF No. 1 at 3-4; Opp. at 11-12). Defendant contends this is so, despite the language of Plaintiff's Complaint, which states, in relevant part, that "[u]nder California common and statutory law, an implied-in-law contract was created whereby Goel was legally required to provide emergency services and care to UHC's members and

---

[2] Defendant does not argue that the *Gunn* analysis for whether a federal court has jurisdiction over state law claims that implicate federal issues is successfully applied to this case, nor does Plaintiff address this topic.

UHC was legally required to pay Goel for such services at a customary and reasonable rate." (Compl. ¶ 42). Defendant argues that, because it is not a "healthcare service plan" subject to state law, only the federal law is applicable to Plaintiff's claims. (Opp. at 11-12).

However, here, the Court holds, for the purposes of this Motion, the federal issues are not "necessarily raised" because the duty that allegedly gives rise to Defendant's implied-in-law contract is grounded in both state and federal law, and thus the merits of Plaintiff's claim can be litigated on the state law claims alone. Importantly, California law expressly requires health plans and their delegated entities to pay for the emergency services provided to their members. *See Cal. Health & Safety Code* § 1371.4. Plaintiff's claim is that Defendant violated the duty articulated in this and related statutes. Since the at-issue duty is grounded in multiple sources – federal and state – the federal issue is not "necessarily raised."[3] *See Nevada v. Bank of America*, 672 F.3d 661, 675 (9th Cir. 2012). ("'When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).

---

[3] Here, the Court declines to rule on Defendant's argument concerning the inapplicability of the Knox-Keene Act on the facts alleged. (Opp. at 10). On a Motion for Remand, the Court is engaged in a jurisdictional analysis, not an analysis of the merits of a plaintiff's claims. The fact that an "alternative theory of relief exists" is, as the Ninth Circuit has held, sufficient "to defeat federal question jurisdiction." *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)). Whether Plaintiff has, under Rule 12(b)(6), stated a claim upon which relief can be granted is here not at issue. Instead, the question is whether the case as plead can be decided on state law claims alone. The answer to this question is Yes. Of course, this holding in no way speaks to the sufficiency of Plaintiff's claims under California law.

2. Whether Plaintiff's State Law Causes of Action are Preempted under ERISA

Defendant argues that Plaintiff's remaining state law claims are completely preempted under ERISA. *See* (ECF No. 1 at 5-10; Opp. at 11-18).

The Supreme Court has established a two-prong test to determine whether a state law cause of action is completely preempted by ERISA: (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Starting with prong (1), ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought…by a participant or beneficiary…to recover benefits due to [it] under the terms of [its] plan, to enforce [its] rights under the terms of the plan, or to clarify [its] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Following the Ninth Circuit, "health care providers are not 'beneficiaries' within the meaning of ERISA's enforcement provisions." *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 874 (9th Cir. 2017). Here, Plaintiff is a health care provider and thus not a 'beneficiary' within the meaning of ERISA's enforcement provisions. (Compl. ¶ 5) ("Dr. Goel renders emergency services and care to patients…").[4]

Because the first *Davila* prong is clearly not met, the Court need not analyze the second prong. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018) (noting "that this test from *Davila* is conjunctive, and both elements need to be met to show complete preemption."). The Court thus holds that Plaintiff's remaining causes of action are not completely preempted by ERISA.

---

[4] As Defendant rightly notes, Plaintiff has created a "Frankenstein" complaint, which contains several contradictory allegations. For instance, although Plaintiff argues that it, as a health provider, is not an enumerated party under ERISA's civil enforcement provisions (Mot. at 10), Plaintiff also states that it is a "beneficiary" (Compl. ¶ 34).

### C. Attorney's Fees

"An order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although unsuccessful, the removal was objectively reasonable. Therefore, Plaintiff's request for fees and costs is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. The case is **REMANDED** to the Superior Court of California, County of Ventura.

**IT IS SO ORDERED.**

DATED: February 8, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE